

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 11, 1954

Hon. Garland A. Smith, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. S-143

Re: Legality and effect of various
provisions in a term life in-
surance policy issued under the
wholesale plan.

Dear Mr. Smith:

The pertinent parts of your request for our opin-
ion read as follows:

"From time to time life insurance companies
submit policy forms to this Department for fil-
ing which are to be issued under what is known as
the Wholesale Life Insurance Plan (sometimes
called Employee Life Insurance Plan). This plan
has been in use in Texas for some years and was
evolved to extend administrative expense savings,
possible in group coverage, to individual poli-
cies issued under individual underwriting stand-
ards to groups of employees too small to be eligi-
ble for group coverage under Code Article 3.50.

"In our review of such wholesale life insur-
ance forms submitted to this department for filing,
certain questions have arisen that need to be re-
solved, and we respectfully request that you give
us your opinion on these questions which are set
forth as follows:

"1. Must an individual term life insurance
policy provide coverage for a definite time period
by specifying a number of years, months, weeks or
days, or may the term of the insurance be geared to
and measured by the term of the insured's employ-
ment with a specified employer?

"2. If an individual term life insurance pol-
icy may provide coverage for an indefinite term

conditioned upon cessation of employment, should such a policy provide that the insured's coverage will terminate at the next premium due date subsequent to termination of employment, or may such a policy provide that coverage will cease immediately upon termination of employment?

"3. If an individual term life insurance policy is issued on the one year renewable term plan, or on the one month renewable term plan, may it provide that it is renewable only at the option of the insurance company, or must it be renewable during a specified period of time following its date of issue at the option of the insured only?

"4. May an individual term life insurance policy be issued that provides for the payment of premiums only by the employer or some other specified person or firm, or must the policy provide for payment of premiums without specifying the person or firm that will make the payments.

". . . Obviously our concern in this matter grows out of our understanding of Article 3.50 of the Texas Insurance Code which was considered by the Court in Board of Insurance Commissioners v. Great Southern Life Insurance Company, 239 S.W.2d 803. There has been no established departmental practice with respect to the inquiries enumerated above, but it does seem that the intent of Article 3.50 would be substantially defeated if all the elements of group insurance can be embodied in individual policies' sold under a 'wholesale plan.'"

In answering the four specific questions above, we are assuming you are dealing with a "Wholesale Life Insurance Plan" which is not in violation of any of the provisions of the Texas Insurance Code.

Individual life insurance policies are required to contain certain specific provisions enumerated in Article 3.44 of the Insurance Code, and are also required to exclude certain provisions enumerated in Article 3.45 of the Code. Group life insurance policies are required to conform to certain standards

outlined in Article 3.50. Individual contracts of life insurance may contain provisions and conditions agreed upon between the parties to the contract and which are not in conflict with the law. <u>Hatch v. Turner</u>, 145 Tex. 17, 193 S.W.2d 668 (1946); <u>Schooley v. Metropolitan Life Insurance Company</u>, 77 S.W.2d 886 (Tex.Civ.App. 1934); <u>Lewis v. Connecticut General Life Insurance Company</u>, 94 S.W.2d 499 (Tex.Civ.App. 1936, error ref.).

Our answers to your questions in the four propositions above are not in conflice with Articles 3.44 and 3.45, supra, and it is our opinion, therefore, that insofar as an individual life insurance policy is concerned under a valid "Wholesale Plan", the answers are:

1. Ordinarily an individual life insurance policy provides coverage for a definite time period by specifying a number of years, months, weeks or days, but it may provide a term of insurance geared to and measured by the term of the insured's employment with a specified employer.

2. If an individual term life insurance policy provides coverage for an indefinite term conditioned upon cessation of employment, such policy may provide either that coverage will terminate at the next premium due date subsequent to termination of employment, <u>or</u>, that coverage will cease immediately upon termination of employment.

3. An individual term life insurance policy issued on a one year or on a one month renewable term plan may provide either that it is renewable only at the option of the insurance company, <u>or</u>, that it is renewable during a specified period of time following its date of issue at the option of the insured only.

4. An individual term life insurance policy may be issued that provides for the payment of premiums only by the employer or some other specified person or firm, or it may provide for payment of premiums without specifying the person or firm that will make the payments.

Section 4, Article 3.50, Insurance Code, is titled: "<u>Group Policies Unlawful Except as Authorized</u>," and provides:

> "Except as may be provided in this Article, it shall be <u>unlawful</u> to make a contract of life insurance covering a group in this State. . . ."
> (Emphasis supplied.)

It is apparent that the Legislature directed its prohibitions against any plan, scheme or system of life insurance which covers a group of persons in any manner under policy provisions not in harmony with Article 3.50, as amended, supra.

Paragraph (3) of Section 1, Article 3.50, subchapter E, of Senate Bill No. 236, Chapter 491, Acts of the 52nd Legislature, R. S., 1951, was amended by Acts 53rd Legislature, R.S. 1953, ch. 345, p. 853, and this amendment reduced the number of insureds necessary to be eligible for the "group plan" from a minimum of 25 to a minimum of 15, and it also allowed incorporated cities, towns or villages to participate in a "group plan."

In determining whether or not a "Wholesale Life Insurance Plan" is not in fact a "Group Plan" as defined in Article 3.50, as amended, you may use as your guide <u>Board of Insurance Commissioners v. Great Southern Life Insurance Company</u>, 150 Tex. 258, 239 S.W.2d 803 (1951), keeping in mind the above amendment. That case pointed out that the chief characteristic of group insurance is the willingness of the insurance company to waive its right to select who shall be insured for a "spread of risk" which it receives through a guarantee that a certain percentage of one class of persons would be covered.

## SUMMARY

Individual life insurance policies may provide for a term of insurance to end either at a specified date, or at termination of specified employment or at due date of next premium subsequent to termination of such employment, etc., and an individual one year term life policy may provide for renewal at option of the insurer, and such policy may specify who is to pay the premiums. In determining whether or not a "Wholesale Life Insurance Plan" is not in fact a "Group Plan" as

set out in Article 3.50, as amended, you may ge guided by the opinion in <u>Board of Insurance Commissioners v. Great Southern Life Insurance Company</u>, 150 Tex. 258, 239 S.W.2d 803 (1951).

APPROVED:

Phillip Robinson
Reviewer

J. C. Davis, Jr.
Reviewer

Robert S. Trotti
First Assistant

RGR:wb

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By
Rudy G. Rice
Assistant